**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EVELYN SINENENG-SMITH,

Defendant-Appellant.

No.    15-10614

DC No. CR 10-414 RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California
Reargued and Resubmitted February 15, 2018
Pasadena, California

Before:    TASHIMA, BERZON, and HURWITZ[**], Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Judge Reinhardt, who was originally a member of this panel, died after this case was reargued and resubmitted for decision.  Judge Hurwitz was randomly drawn to replace him.  Judge Hurwitz has read the briefs, reviewed the record, and watched video recordings of the oral arguments.

Evelyn Sineneng-Smith appeals her conviction on two counts of mail fraud in violation of 18 U.S.C. § 1341.[1]  She contends that the evidence was insufficient to uphold the verdict.  We affirm.

Sineneng-Smith operated an immigration consulting firm in San Jose, California.  Her clients were mostly natives of the Philippines, unlawfully employed in the home health care industry in the United States, who sought authorization to work and adjustment of status to obtain legal permanent residence (green cards).  One of Sineneng-Smith's main "services" was to assist clients with applying for a "Labor Certification," and then for a green card.  The problem was that Sineneng-Smith's clients, Amelia Guillermo and Hermansita Esteban, were not eligible to adjust their statuses to legal permanent residents through the Labor Certification program.  Sineneng-Smith told investigators that she knew that her clients were ineligible to adjust their status through Labor Certification.  Sineneng-Smith's mail fraud convictions stem from her sending through the U.S. mail retainer agreements to Guillermo and Esteban, stating that Sineneng-Smith would help them obtain legal permanent residence.

---

[1]     Sineneng-Smith was also convicted of violating of 8 U.S.C. § 1324(a)(1)(A)(iv).  We address those convictions in a concurrently-filed opinion.

"To allege a violation of mail fraud under [18 U.S.C.] § 1341, it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (internal quotation marks omitted). Sineneng-Smith only contests the sufficiency of the evidence as to the first and third elements.

To satisfy the first element, the government must offer "[p]roof of an affirmative, material misrepresentation," *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986), or proof of "deceitful statements of half truths or the concealment of material facts," *United States v. Woods*, 335 F.3d 993, 998 (9th Cir. 2003). The retainer agreements that Sineneng-Smith signed with Esteban and Guillermo demonstrate her misrepresentations. The agreements stated that Sineneng-Smith's clients hired her "for purposes of assisting [them] to obtain permanent residence through Labor Certification." Because Guillermo and Esteban had no chance of obtaining permanent residence through Labor Certification, these statements were at least deceitful half truths that concealed material facts. The facts were material because Esteban and Guillermo testified

that they would have left the country if Sineneng-Smith had told them that they were not eligible for green cards.

As to the third element, Sineneng-Smith admitted that she knew that her clients could not adjust their status through Labor Certification. She further admitted that if she informed her clients of that fact, they would not have hired her. This evidence is sufficient to support a finding that Sineneng-Smith intended to defraud her clients.

•   ●   •

With respect to the mail fraud convictions, Counts 5 and 6, the judgment of the district court is **AFFIRMED.**